WHEATLEY ET AL., APPELLANTS, v. THE A. I. ROOT. CO. ET AL., APPELLEES.

(No. 191—Decided July 2, 1945.)

*Mr. Silas J. Blair* and *Mr. Wilbert J. O'Neill,* for appellants.

*Mr. John A. Weber* and *Mr. Harold L. Williams,* for appellees.

STEVENS, J. The defendant The A. I. Root Company was incorporated in 1894 under the general corporation laws of the state of Ohio.

Plaintiffs are the owners of 35 shares of cumulative 5 per cent preferred stock, the certificate for 25 shares thereof having been issued in 1916, and for 10 shares on August 29, 1933.

Upon the preferred shares outstanding on December 17, 1943, there were accumulated undeclared dividends amounting to $50 a share.

On December 17, 1943, a plan was presented by the defendant corporation to its stockholders to amend its articles of incorporation so as to (1) cancel the rights of owners of 5 per cent cumulative preferred stock to receive the accrued and unpaid dividends on their stock, amounting to $50 a share, before any dividends are paid on common stock; (2) compel the owners of preferred stock to accept for and in lieu of each share thereof, and the accrued but undeclared dividends thereon, a share of nonvoting preferred stock without cumulative dividend rights, one share of class A common stock, redeemable at $40 a share, and $10 in cash; (3) exchange 4,250 shares of outstanding $100 par value common stock for 8,500 shares of class B common stock without par value, on the basis of 2 new shares for 1 old share; (4) create a sinking fund for the redemption of the class A common and new preferred shares; (5) provide that the articles of incorporation may be amended by majority vote of the shares entitled to vote; (6) reduce the stated capital of the corporation from $700,000 to $555,000, the $145,-000 reduction thereby accomplished to be transferred to surplus.

The articles of incorporation were amended in accordance with the foregoing plan by vote of approximately 79 per cent of the old preferred shares, and

89 per cent of the old common shares; said amendments being filed with the Secretary of State of Ohio on December 31, 1943.

These plaintiffs voted their stock against said plan of recapitalization, and have refused to accept the new stock and cash provided for by this plan, but did not make claim under Section 8623-72, General Code.

On December 31, 1943, these plaintiffs filed their action against defendants, seeking to enjoin the consummation of said plan of recapitalization, on the ground that the same was illegal, and infringed certain constitutional rights of plaintiffs and others similarly situated.

Relief having been denied plaintiffs by the Court of Common Pleas, appeal on questions of law and fact has been perfected to this court.

The first question to be determined is whether the plaintiffs are entitled to speak for those of the class occupied by plaintiffs; in short, may plaintiffs maintain this action as a class suit, or may they speak only for themselves?

It must be conceded that the factual situation attending the acquisition of preferred stock in the defendant company differs in each case as to time of acquiring the stock and other elements, and that claims asserted in behalf of plaintiffs might not pertain with reference to the other dissenting stockholders, or might be subject to different defenses.

It seems to us that this is not such a case as warrants the conclusion that it may be maintained as a class suit, but that, on the contrary, plaintiffs are entitled to assert rights on behalf of themselves alone.

In this connection, attention is directed to a very scholarly opinion by Judge Frank S. Day, sitting as a judge of the Court of Common Pleas in Cuyahoga county, in the case of *Kuligowski* v. *Hart,* 23 O. O., 213, 9 Ohio Supp., 89. Therein the essentials of the

doctrine of virtual representation are considered and discussed, and a host of pertinent authorities cited. The conclusion there reached accords with our conclusion as to the right of these plaintiffs to represent others alleged to be similarly situated.

In this action the court has been favored with exhaustive and comprehensive briefs by counsel for the respective parties, and consideration thereof and of the transcript reduces the claims of plaintiffs to two: *viz.*, (1) that the proposed amendment of the articles of incorporation of defendant company·is illegal because it is violative of the plaintiffs' contracts of stock ownership, for the reason that the statutes under which said plan is attempted are unconstitutional, if construed to operate retroactively; and (2) that the plan of recapitalization is illegal because it is so unfair to the preferred stockholders as to amount to the perpetration of a fraud upon them, if permitted to stand.

Plaintiffs state their contentions concerning the first proposition as follows:

"As a basis for this plan of recapitalization, the corporation and its board of directors are relying on the provisions of the new Ohio corporation code. Sections 8623-14 and 8623-15 were enacted in 1927 and subsequently amended. It was not until July 24, 1939, that 8623-14 provided for the elimination of accrued dividends.

"We take the firm position that these statutes, in so far as they authorize changes of a substantially prejudicial nature in the stockholders' rights, *can only operate with respect to shareholders of corporations formed after the enactments or to shareholders whose shares were subscribed for after the enactments.* We think the statutes should be so construed, that a different construction would render them unconstitutional

in the following respects: It would violate (1) Article I, Section 10, of the Constitution of the United States, which provides that 'no state * * * shall pass any law impairing the obligations of contracts'; (2) the Fourteenth Amendment of the U. S. Constitution—the due process clause; (3) Article I, Section 19, of the Ohio Constitution—the inviolability of private property clause; and (4) Article II, Section 28, of the Ohio Constitution, which provides that 'The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligations of contracts * * *.' " (Italics ours.)

Section 8623-14, General Code, effective July 24, 1939, provides:

"A corporation for profit organized under the provisions of this act or of any previous corporation act of this state may alter or add to its articles or change issued shares in any respect by the adoption of an amendment in the manner hereinafter provided in this act * * *.

"In particular, without prejudice to the generality of such power of amendment, a corporation by the adoption of an amendment may: * * *

"(i) change any or all of the express terms and provisions or designations of issued or unissued shares of any class or series; which change, if desired, may include the discharge, adjustment or elimination of rights to accrued undeclared cumulative dividends on any such class * * *."

If plaintiffs' contention that Section 8623-14 (i), General Code, can apply only to corporations formed after July 24, 1939, or to stockholders whose shares were subscribed for after said date, be correct, then the amendment to the articles of defendant company could not operate to deprive plaintiffs of the undeclared cumulative preferred dividends which had accrued upon the preferred stock held by plaintiffs.

It is, of course, the duty of courts, in construing statutes, to so construe them as to render them constitutional, if that can reasonably be done; and this statute would be rendered immune to valid constitutional challenge if construed to mean that a corporation, by amendment of its articles of incorporation, cannot discharge its responsibility to pay to a dissenting preferred shareholder the accumulated undeclared preferred dividends which accrued prior to the enactment of the statute, but may discharge accumulated preferred undeclared dividends which accrued subsequent to the passage of the section.

We are not unmindful of the limitation imposed by Section 8623-72, General Code, which gives to the dissenting stockholder a right to receive the fair cash value of his shares as of the day before the vote was taken amending the articles of incorporation, if within 20 days thereafter he objects in writing to the action so taken, and demands the fair cash value of his shares.

This remedy has, however, been held to be nonexclusive where fraud or illegality are present. *Johnson* v. *Lamprecht, II,* 133 Ohio St., 567, 15 N. E. (2d), 127, syllabus 3.

Under our construction of this statute (Section 8623-14 (i) ), it matters not that plaintiffs did not avail themselves of the remedy offered by Section 8623-72, General Code, in so far as the defendant company attempted to discharge undeclared cumulative preferred dividends upon stock owned by dissenting stockholders, which dividends accrued prior to the enactment of said statute, because such attempt was illegal as impairing the obligation of plaintiffs' contracts of stock ownership. The remedy afforded by Section 8623-72, General Code, was therefore not exclusive as to such unpaid dividends.

We hold that, inasmuch as amendments to general corporation laws become a part of the charter of a

corporation as of the day of their promulgation, the provisions of Section 8623-14 (i), General Code, became a part of the contract governing plaintiffs' stock ownership as of the day it became effective.

When plaintiffs continued to hold their preferred stock in defendant company subsequent to July 24, 1939, they held it subject to the right of the corporation, by appropriate amendment of its articles of incorporation in a reorganization proceeding, to discharge or eliminate preferred dividends accruing after that date.

In short, it is our conclusion that this section of the corporation code cannot validly have any retrospective or retroactive effect, but that it may properly and validly be applied prospectively, and this irrespective of when the corporation was organized or when the stock in question was issued or acquired by the holders thereof.

It follows, therefore, that, as to the dividends which accrued upon plaintiffs' stock up to July 24, 1939, plaintiffs are entitled to have those dividends paid before payment of dividends may be made to other stockholders holding stock issued under the reorganization. As to dividends occuring thereafter, plaintiffs are not so entitled.

Plaintiffs are given 20 days after the filing of the journal entry herein to avail themselves of the remedy afforded by Section 8623-72, General Code; that is to say, to have the fair cash value of their stock determined as of the day before the articles were amended, eliminating from such determination the dividends which accrued prior to July 24, 1939.

If plaintiffs elect to take the amount thus determined, they will surrender their stock upon payment of said sum, and the accrued preferred dividends up to July 24, 1939.

If, however, plaintiffs elect to exchange their stock under the recapitalization plan, they shall receive (1) the cumulative dividends which accrued thereon up to July 24, 1939, in cash, and (2) new preferred shares for the old, share for share; (3) the balance of the dividends accruing after July 24, 1939, up to the time of the reorganization, shall furnish the basis for a *pro rata* settlement with plaintiffs in common stock and cash, in the proportion that the balance remaining unpaid upon said cumulative dividends per share bears to $50, the entire amount of cumulative dividends per share.

Our disposition of the first question considered, in our judgment makes unnecessary a discussion of the second question posed by plaintiffs.

However, a saving of plaintiffs' rights to the dividends which cumulated up to July 24, 1939, eliminates, as to them, any question of unfairness.

We are of the opinion that no fraud has been here shown.

A decree in accordance with this opinion may be prepared.

*Decree accordingly.*

DOYLE, J., concurs.

WASHBURN, J., concurring in part and dissenting in part. I agree that plaintiffs are entitled to an injunction preventing the payment of dividends to any stockholders until plaintiffs have been paid the dividends which accrued upon their stock up to July 24, 1939, but I am of the opinion that, the reorganization being in all other respects legal and in accordance with the Constitution and laws of Ohio and free from fraud or breach of fiduciary duty on the part of the directors of the company, who acted in good faith to strengthen and promote the stability and business of the company,

and the plaintiffs having failed to demand the value of their stock in accordance with the provisions of Section 8623-72, General Code, the plaintiffs are not entitled to any other or further relief in this action.

The preserving of plaintiffs' rights to the dividends which cumulated up to July 24, 1939, eliminates, as to them, any question of unfairness or illegality, and they would receive the new preferred stock and class A common stock and further cash for the unpaid preferred dividends accruing after July 24, 1939, in the same proportion as the amount of said unpaid dividends per share bears to $50, the total of the accumulated dividends per share.